# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 28, 2022

Lyle W. Cayce
Clerk

No. 22-10373
Summary Calendar

Ryan, L.L.C.,

*Plaintiff—Appellant*,

*versus*

United States Department of Interior; Office of
Inspector General of the United States Department of
the Interior,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
3:22-cv-3014

Before Clement, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Before us is a "reverse-FOIA action," or a case where "a plaintiff seeks to prevent a governmental agency from releasing" sensitive information to a third-party pursuant to a Freedom of Information Act

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

(FOIA) request. *John Doe #1 v. Veneman*, 380 F. 3d 807, 810 (5th Cir. 2004). One legal mechanism—Exemption 4—allows parties to block the release of "privileged or confidential information" to the public per FOIA. 5 U.S.C. § 552(b)(4). The Supreme Court recently unpacked the meaning of "confidential" and, in turn, the boundaries of Exemption 4 in *Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019). In reading *Argus*, we VACATE and REMAND this matter for further consideration of the Supreme Court's instructions.

## I

Ryan, LLC is a tax consulting firm that helps energy companies shave down the royalties they owe on public land leases. Royalties are paid to the U.S. Department of the Interior's collection agency, the Office of Natural Resources Revenue (ONRR). Ryan, through "trial-and-error," has discovered a particularly successful—and allegedly confidential—process for "capturing" large tax deductions and recovering overpaid royalties. The process involves using a proprietary combination of documents and calculations to prove up "historical capital expenditures" that entitle companies to royalty refunds. Because this recipe isn't "known to Ryan's competitors" and the ONRR provides little guidance on what works, Ryan safeguards its secret formula through "electronic security measures" and confidentiality agreements.

Five years ago, Ryan put together a refund request for a client—using its allegedly confidential process—and sent it to the ONRR. The ONRR, suspecting the request was fraudulent, forwarded the matter to its internal investigation team, the Office of the Inspector General (OIG). Following a probe, the OIG found the concern lacking and detailed its findings in two reports. Then, a third-party government watchdog filed a FOIA request for one of the reports. Ryan contested the disclosure and, after a lawsuit, the OIG

agreed not to release the report. But, the third-party filed a second FOIA request seeking the other report. The OIG, without telling Ryan, obliged. Then, the third-party filed a third FOIA request seeking the report's attachments plus a couple of interview summaries. At that time, the OIG sought Ryan's position on whether they should be disclosed. Ryan, hearing about the prior disclosure for the first time, vigorously objected to any further disclosures. Ryan maintained the documents were confidential as they related to its secret refund application formula. The OIG denied Ryan's objections, so Ryan filed this lawsuit. On summary judgment, the district court agreed with the OIG's reasoning and dismissed the case, so Ryan appealed.

## II

In line with *Chrysler Corp. v. Brown*, 441 U.S. 281 (1979), a district court may review an agency's decision to release information pursuant to FOIA, but it can "set aside that decision [only] if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Veneman*¸380 F.3d at 813–14 (quoting 5 U.S.C. § 706(2)(A)). Although this standard is deferential, our review of the agency's decision must be "searching and careful" to "ensure that the agency did not 'entirely fail[ ] to consider an important aspect of the problem' that it seeks to address." *Univ. of Texas M.D. Anderson Cancer Ctr. v. United States Dep't of Health & Hum. Servs.*, 985 F.3d 472, 475 (5th Cir. 2021) (alteration in original) (citation and quotations omitted). "Put simply, we must set aside any action premised on reasoning that fails to account for 'relevant factors' or evinces 'a clear error of judgment.'" *Id.* (quoting *Marsh v. Oregon Nat'l Res. Council*, 490 U.S. 360, 378 (1989)).

Exemption 4 is a FOIA-related tool that permits parties to block the disclosure of "commercial or financial information" that is "obtained from

a person and [is] privileged or confidential." 5 U.S.C. § 552(b)(4). In *Food Marketing Institute v. Argus Leader Media*, the Supreme Court laid out the new Exemption 4 standard: information may be exempt from a FOIA release as "confidential" if it is (1) "both customarily and actually treated as private by its owner" and (2) "provided to the government under an assurance of privacy." 139 S. Ct. 2356, 2363–66 (2019). Importantly, the Supreme Court did not clearly answer whether the latter prong is even necessary, finding "there's no need to resolve that question in this case" because the government's confidentiality was mandated by way of federal regulations. *Id.* at 2363.

Here, it's not clear the district court and the OIG properly "consider[ed] an important aspect of the problem," namely the "relevant factors" of Exemption 4 laid out in *Argus*. *M.D. Anderson*, 985 F.3d at 475. In its decision, the OIG found Ryan didn't treat its refund formula as confidential and didn't receive any "assurance of confidentiality" from the government. The district court agreed on the latter part, holding Ryan never received any promise from the OIG that it would keep Ryan's refund formula secret. But, there's two problems with those findings.

First, it's not evident that the OIG and the district properly applied the "assurance" prong of *Argus*. The OIG found it told Ryan—through a standard disclaimer—that it would "publicly disseminate the information" it receives from "submitters of information" if "required by law." The district court echoed this reasoning, stating the OIG is only required to "notify" someone in the face of a FOIA request—not keep their information private—per 43 C.F.R. § 2.27. But, an "assurance of confidentiality" can exist by way of a federal regulation. *See Argus*, 139 S. Ct. at 2363 (holding an "assurance" existed when, as evidenced by 43 Fed. Reg. 43275 (1978) and 7 C.F.R. § 278.1(l), the "government has long promised" the "retailers who participate in SNAP" that "it will keep their information private"). Here,

under a federal regulation named "Does ONRR protect information that I provide," the ONRR warrants that "[t]o the extent that applicable laws and regulations permit, ONRR will keep confidential any data that you or your affiliate submit(s) that is privileged, confidential, or otherwise exempt from disclosure." 30 C.F.R. § 1206.149. Yet, the district court and the OIG didn't address this federal law.

Second, it's not clear the OIG or the district court seriously considered whether Ryan "customarily and actually treat[s] as private" its refund application process. *Argus*, 139 S. Ct. at 2363. The OIG ruled Ryan's online "advertis[ing]" of its services rendered the information in question non-confidential. But, the connection between ads on Ryan's website and its secretive refund formula isn't obvious. Ryan didn't publicize its confidential process. As for the district court, it didn't consider this *Argus* prong except to say in passing that the "confidentiality agreements between Ryan and its clients do not promise confidentiality from the government because OIG was not a party to any such agreements." But, under *Argus*, information may be considered confidential if it is "both customarily and actually *treated as private by its owner*." *Id.* (emphasis added). So, Ryan's agreement with its clients—as well as its lawsuits against the OIG and other unexplored facts—may evidence a secretive approach to the refund application process that might satisfy the prongs of *Argus*.

* * *

Because the district court and the OIG didn't fully explore the record or the Supreme Court's decision in *Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019), we VACATE and REMAND this matter for further consideration.